CARNES, Circuit Judge, concurring:

I concur in the Court's holding that O.C.G.A. § 21-5-35, which has the effect of limiting the time for making contributions to some candidates for federal office, is preempted by the Federal Election Campaign Act, 2 U.S.C. § 431 et seq. ("FECA"). However, I would base that conclusion upon the express language of the preemption clause in the act, 2 U.S.C. § 453, which states unambiguously that the provisions of the act and rules prescribed under it, "supersede and preempt any provision of State law with respect to election to Federal office." (emphasis added) A state law regulating the time in which a category of citizens can accept contributions to run for election to federal office is a "State law with respect to election to Federal office." It is as simple as that. Moreover, nothing in either the legislative history of the act or in the rules and regulations adopted by the Federal Election Commission casts any doubt upon the clear and manifest preemptive purpose of Congress as plainly stated in the act itself.[1]

The discussion in Judge Kravitch's opinion about the deference that might be due the Commission's regulations and advisory

---

[1] The legislative history discussed in Judge Hill's dissenting opinion does not cast such doubt. Although a Senate conference report does state, "It is the intent of the conferees that any State law regulating the political activities of State and local officers and employees is not preempted or superseded by the amendments to [the FECA]," S. Conf. Rep. No. 1237, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 5618, 5669, it is clear that this statement was aimed at preserving the so-called "little Hatch acts" of the states, not at permitting direct regulation of the activities of federal candidates. See Weber v. Heaney, 995 F.2d 872, 876-77 (8th Cir. 1993) (overturning state law creating monetary incentives for federal candidates to limit campaign expenditures); Reeder v. Kansas City Bd. of Police Comm'rs, 733 F.2d 543, 545-46 (8th Cir. 1984) (upholding a "little Hatch act").

opinions if there were any ambiguity in FECA's preemption language is, in my view, unnecessary to proper decision of this appeal, because there is no ambiguity in the statutory language. Accordingly, while I agree that FECA preempts O.C.G.A. § 21-5-35, I do not join the part of Judge Kravitch's opinion that discusses the effect of the Federal Election Commission's regulations and advisory opinions.